IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOEL DENNIS CRAFTON,

    Petitioner,

v.                                                                   No. 1:19-cv-01196-JDB-jay
                                                                    Re:  1:14-cr-10081-JDB-1

UNITED STATES OF AMERICA,

    Respondent.


ORDER DISMISSING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On September 6, 2019, the Petitioner, Joel Dennis Crafton, filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.)[1] The Petition is before the Court for preliminary review.[2] For the following reasons, it is DISMISSED as untimely.

In most cases, a federal criminal defendant is limited to a collateral attack filed within one year of the date his conviction became final. 28 U.S.C. § 2255(f)(1). Generally, "a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). When a defendant does not take a direct appeal, his conviction becomes final when the time for filing an appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). The Federal Rules of Appellate Procedure provide, in

---

[1]Unless otherwise noted, record citations are to documents filed in the instant case.

[2]After a § 2255 motion is filed, it is reviewed by the court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rule 4(b), *Rules Governing § 2255 Proceedings for the United States District Courts*.

pertinent part, that "a [criminal] defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment or the order being appealed . . . ." Fed. R. App. P. 4(b)(1)(A)(i).

The one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Jones v. United States*, 689 F.3d 621, 626-27 (6th Cir. 2012); *Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006). Equitable tolling requires a petitioner to show that (1) "he has been pursuing his rights diligently" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Jones*, 689 F.3d at 627.

Crafton pleaded guilty on December 19, 2014, in the Western District of Tennessee to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). (*United States v. Crafton*, No. 1:14-cr-10081-JDB-1 ("No. 14-cr-10081"), D.E. 29, 38.) On May 18, 2015, he was sentenced to seventy months' incarceration and two years of supervised release. (*Id.*, D.E. 36.) The judgment of conviction was entered the same day. (*Id.* D.E. 38.) Because no direct appeal was taken, the judgment became final fourteen days later on Monday, June 1, 2015. One year from that date was Wednesday June 1, 2016. Consequently, the Petition, which was filed at the time the inmate signed and placed it into the prison mailing system on September 1, 2019 (*see* D.E. 1 at PageID 13), is untimely by more than three years.

The inmate acknowledges that he filed the Petition after the limitations period expired but insists that he is entitled to equitable tolling. Specifically, he alleges as follows:

> The defendant is currently housed at the United States Penitentiary McCreary; P.O. Box 3000 Pine Knot, KY, 42635[.] Upon being house[d] at this prison it has been on lockdown and failed to provide defendant with access to the law library in which caused part of the delay of filing this motion before the Court[.] The defendant has had medical issues all through his state [and] federal incarceration and has been housed at the medical facility in Lexington, Kentucky as well. The medical issues consist of head trauma, such as swelling on the brain, loss of eyesight in his left

2

> eye, hearing loss, surgery to right elbow, etc. The medical issues ha[ve] caused the defendant to be transferred back and forth between these institutions and the defendant has also been taken to outside hospitals due to his medical issues. Because of these issues set forth, the defendant pray[s] the Court to accept his motion before the Court.

(*Id.* at PageID 12 (altered to eliminate irregular capitalization).)

Court records belie Crafton's allegations, however. First, any lockdown that may have occurred at United States Penitentiary ("USP") McCreary could not have stood as an obstacle to the filing of the Petition prior to the expiration of the limitations period on June 1, 2016. On September 26, 2016, the Court received a letter from Crafton in his criminal case dated September 20, 2016, in which he stated, "I'm writing to inform the Court of my change of address. I would have sent it sooner, however I've been in transit for the past few weeks." (No. 14-cr-10081, D.E. 40 at PageID 87.) The letter listed the "New Address" as USP McCreary. (*Id.*) Accordingly, it appears that Crafton was not transferred to USP McCreary until a few months after the limitations period expired.

Secondly, even if the Court were to assume that, prior to and after June 1, 2016, Petitioner experienced limited access to the prison library and multiple medical issues, those circumstances did not prevent him from submitting documents to the Court. On May 27, 2015, a mere nine days after entry of judgment in his criminal case, the inmate filed a civil complaint in the Western District of Tennessee, charging the Benton County, Tennessee, Sheriff's Department and medical personnel at the county jail with failing to adequately address his medical needs during his detention in that facility in August 2014. (*Crafton v. Benton Cty*, No. 1:15-cv-01131-JDT-cgc (W.D. Tenn.), D.E. 1.) Petitioner thereafter actively litigated that case *pro se* until January 11, 2018, when a stipulation of dismissal was entered. (*Id.*, D.E. 63.) His filings included a motion dated December 22, 2016, "[r]equesting [an] extension of time to complete discovery request" (*id.*,

3

D.E. 41), a six-page legal argument filed May 4, 2017, objecting to the defendants' motion to compel discovery (*id.*, D.E. 47), and a document filed September 13, 2017, entitled "Plaintiff's Consolidated Motions for an Enlargement of Time to Respond to Defendant's Motion Under Seal and Motion to Unseal the Dispositive Motion and Be Provided with Such Motion and Records" (*id.*, D.E. 58). In his criminal case, Crafton not only submitted the notification of change of address in September 2016, he also filed letters in September and November of 2018. (No. 14-cr-10081, D.E. 43-44.)

The records also evidence Crafton's lack of diligence in filing his Petition. Despite his ability to prepare and file numerous legal documents with the Court over the last several years, Petitioner did not ask the Clerk for copies of his plea agreement and other documents in preparation of the Petition until August 2019, when he filed a letter in his criminal case. (*Id.*, D.E. 45.)

Because the records wholly undermine any notion that Petitioner was prevented from timely filing his Petition or that he diligently pursued his § 2255 rights, he is not entitled to equitable tolling. The Petition is therefore DIMISSED.

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds,

the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[3]

IT IS SO ORDERED this 31st day of October 2019.

           s/ J. DANIEL BREEN
           UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.